

**SO ORDERED.**
**SIGNED this 5th day of October, 2017**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| Melinda Darlene Pursley, ) | No. 1:17-bk-10732 SDR |
| Debtor ) | |

ORDER AND MEMORANDUM OPINION

The chapter 13 trustee has objected to confirmation of the plan on the basis that the fees requested by the debtor's attorney are excessive. (Doc. No. 17). The attorney has responded and filed a memorandum in support of his request for the allowance of a fee in the amount of $3,250. (Doc. No. 20). The trustee contends that this fee is excessive because: (1) there are no secured creditors in the case; and (2) the payment of the fees represents a high percentage of the total payments going to all creditors and administrative claimants.

1

*I.    Jurisdiction*

The court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A). These are the courts findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052, made applicable to contested matters by Fed. R. Bankr. P. 9014.

*II.    Stipulated Facts*

The parties have stipulated to the following facts (Doc. No. 22):

Melinda Darlene Pursley is a 38-year old female who is an individual debtor in this case. The total payments called for under the debtor's plan equal $6,300. The requested attorney fee of $3,250 would represent 51.58% of the total payments of $6,300. If the requested fee is allowed, the dividend to unsecured creditors would be approximately 30%. If the fee were reduced to $2,000, as suggested by the trustee, the dividend to unsecured creditors would be approximately 44%. The debtor's income consists of $527 per month from Social Security, $130 per month from Electronic Benefit Transfer (EBT), and $869 per month from a contribution from her husband.

The debtor is entitled to a chapter 7 discharge. The standard chapter 7 fee for the debtor's counsel on this case would have been $1,750. The Public Access to Court Electronic Records (PACER) system is a public record as defined in Federal Rule of Evidence 803 (8)(A)(i). The debtor appeared at the scheduled 341 Meeting of Creditors, and absent this objection, the case is otherwise ready for confirmation.

*III.   Analysis*

*A.  Legal Standard*

The Bankruptcy Code requires an attorney for a debtor to file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). If the compensation exceeds the reasonable value of any such services, the court may cancel any such agreement or order the return of any such payment, to the extent excessive, to the estate, if the property transferred would have been property of the estate or was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13. *Id.* at (b)(1).

The allowance of attorney's fees in a chapter 13 is addressed in section 330(a)(4) of the Bankruptcy Code. That section provides that, "[i]n a …chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B).

That section also provides that:

In determining the amount of reasonable compensation to be awarded to … [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -- (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) . . . whether the professional is board certified or otherwise

3

has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* at (a)(3).

In determining whether the compensation requested is reasonable for the actual services rendered, the Sixth Circuit Court of Appeals has expressed that the appropriate standard is a lodestar analysis. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991); *see also In re Williams*, 357 B.R. 434 (B.A.P. 6th Cir. 2007). This analysis requires the court to determine whether the rate charged by the attorney is reasonable and whether the number of hours was reasonably expended. *Boddy*, 950 F.2d at 337. In making that determination for services rendered after a case is filed, the rules require an attorney who wants to be paid from property of the estate to submit an application for services rendered and reimbursement of expenses. Fed. R. Bankr. P. 2016(a). The application must set forth a detailed statement of the services rendered and the amounts requested. *Id.*

This court's local rules provide an exception to the application requirements if the debtor's attorney charges a flat fee in a chapter 13 case that is less than $3,750. E.D. Tenn. LBR 2016-1(b)(1). While the local rule excuses the filing of an application, it retains the requirements of 11 U.S.C. §§ 330(a)(3) and (4). The fee must be reasonable and the work must be beneficial to the debtor's completion of a chapter 13 case. *Id.* The local rule requires that the flat fee must be based on the attorney's good faith estimate of the services to be rendered in the case, the attorney's hourly rate for such services, and the other factors listed in 11 U.S.C. §§ 330(a)(3) and (4). It also specifically suggests that the attorney should take into account the length of the plan, whether secured creditors will be paid, the amount of total plan payments, and the expected dividend to unsecured creditors. *Id.*

4

These latter considerations appear to put the creditors' interests ahead of the criteria stated in the statute, *i.e.*, the fees are allowed for work that is necessary and beneficial **to the debtor**. 11 U.S.C. § 330(a)(4)(B)(emphasis added). However, these latter considerations do indicate whether a chapter 13 is beneficial to a debtor. A debtor who has no secured debt or who is surrendering the collateral has no need to cure arrearages. If the debtor's disposable income is so low that the plan payments are very low, the chances of a successful plan are minimal. The smallest financial difficulty could send the plan into default. If there is little or no dividend to unsecured creditors, then the financial stress of making a chapter 13 payment for three to five years may be unwarranted. If his or her fee is challenged, an attorney who steers a client to a chapter 13 under these circumstances should be prepared to explain to the court what benefits the longer and more expensive chapter 13 proceeding will provide as opposed to a less expensive chapter 7 liquidation that provides a discharge in only a few months. This explanation may identify benefits that are not strictly economic, such as the debtor's wish to protect a family member who cosigned a note or to keep the possibility of a conversion to chapter 7 available if the debtor's circumstances change.

If the fee is for services that are necessary and beneficial to the debtor's completion of a chapter 13 plan, the court must also examine its reasonableness. In a flat fee situation, the reasonableness analysis considers what the attorney estimates the work to be, the number of hours that will be needed to do it, and the hourly rate at which that attorney is willing to do that work. The analysis may require the application of multiple rates if the work is form based and repetitive so that it can be completed by a paraprofessional under the attorney's supervision, and, therefore, should be charged at a lower rate. There is also work in a chapter 13 justifies a higher rate. Chapter 13 cases present technical and complicated legal issues, and the representation can

5

include adjusting to new disclosures offered by clients after the case has begun, addressing actions taken by aggressive or uninformed creditors, and dealing with problems related to uncooperative employers, governmental agencies, or remote lien holders. An attorney may face legal issues ranging from employment to taxes to domestic relations in the course of working through the debt and property issues in a chapter 13 case. The attorney is often dealing with unsophisticated clients under extreme stress with little flexibility in their work schedules to help address their problems. They frequently have health problems that create postpetition expenses and jeopardize their employment. All of these factors make estimation of what time may be required difficult. For that reason, the court acknowledges that an attorney's commitment to be on call to address all of these issues for his client for five years has value, and that a fee of $3,750 or less is presumptively reasonable but it still requires the court to look at the elements of reasonableness if the fee is challenged.

### B. Application of Standard to the Fee Requested in This Case

Mr. Ramsey has requested a flat fee of $3,250 for representation of this debtor. By opting for a flat fee, Mr. Ramsey has committed to provide all of the legal services required in connection with the 60 month case, except for representation in an adversary proceeding under Fed. R. Bankr. P. 7001, a contempt proceeding, employment of an expert witness, or an appeal. E.D. Tenn. LBR 2016-1(b)(1).

As to the trustee's contention that the attorney's requested fee is excessive, Mr. Ramsey has provided an estimate of the time he would expect to spend on this case based on his experience. His requested fee is less than the maximum flat fee of $3,750 based on the absence of secured creditors. He argues that using the stipulated fee of $1,750 for a chapter 7 proceeding

is inappropriate. He notes other factors in the case that create the expectation that more time may be needed to be spent in the case. The case is 60, not 36, months long, which is substantially longer than the 3 to 4 months that would be required to complete a chapter 7 case. He also offers that the debtor has ongoing medical problems, which increases the probability that a motion to dismiss may be filed, that post-petition claims may have to be addressed, that a modification of the plan may be required, or that a hardship discharge may be appropriate. Should his client incur substantial postpetition medical expenses, he may need the option of a chapter 7 discharge in the future. The court also finds that the preparation of a plan and participation in the confirmation process also differentiate a chapter 13 filing from a chapter 7. After reviewing Mr. Ramsey's memorandum and hearing his argument, the court finds that he has given thoughtful consideration to the benefits of a chapter 13 for this debtor and the time for the services that are reasonably to be expected to complete the case.

As to whether his fee is reasonable, Mr. Ramsey has set his rate at $185 an hour. He earned his law degree in 2008. He frequently practices in this bankruptcy court, and the court considers him to be an experienced practitioner, although he does not have a consumer bankruptcy certification. The hourly rates charged by practitioners in the court range from $150 to $350, placing Mr. Ramsey's rate at the lower end of the spectrum. His estimation of services also reflects that he has delegated appropriate tasks to a paralegal whose rate is $90 an hour for a blended rate of $135 an hour. The court finds Mr. Ramsey's rate to be reasonable.

As for his estimate of the number of hours worked, he has provided an estimate of 10 hours for time expended through filing and preparation for and attendance at the first meeting of creditors that reflects fees of $1,316.71. [Doc. No. 20, Memorandum in Support of Fee, Exhibit B]. Confirmation and attendance at the hearing regarding his fee is not even included. Based on

other cases with less than 70% dividends, he anticipates that he will provide services that will include preparation of least one agreed order, a new wage order, two address changes, a motion to dismiss, and five phone calls or email interactions with the debtor. His estimate leaves $1,933 for confirmation and the remaining four and a half years of the plan. Payment of his fee is also dependent on the performance of the plan as opposed to a chapter 7 fee, which is customarily paid in full before filing. At an hourly rate of $185, the fee requested anticipates that the remaining case will take only 10.5 hours to complete. Given his identification of the services that will likely need to be provided to this debtor, the court finds his estimate of time to be reasonable.

The court finds that Mr. Ramsey has made a good faith estimate of the value of the services he likely must render in this case and that those services are necessary and beneficial to the debtor. Therefore, the court overrules the trustee's objection to the fee.

As to the second issue specifically raised by the trustee in this case, the court finds that the dividend to the creditors is not a significant factor in the fee analysis. A chapter 13 case that provides very little benefit to creditors may require closer scrutiny as to the debtor's good faith, best efforts, or feasibility, but not the reasonableness of the fee. Section 330(a)(4)(A)'s prohibition against allowance of services that were not reasonably likely to benefit the debtor's estate or were not necessary to the administration of the case has an exception for fees allowed as reasonable compensation for the debtor's attorney in a chapter 13. 11 U.S.C. §§ 330(a)(4)(A)-(B). The court acknowledges the important role that the chapter 13 trustee plays in reviewing the fee applications and bringing issues related to administration of the estate and the benefit to creditors to the court's attention. This case is one of first impression since the court amended

E.D. LBR 2016-1 in 2016. This opinion reflects the court's effort to clarify what it considers to be the relevant factors in determining the reasonableness of a flat fee.

In summary, the debtor's attorney must carry the burden of showing that his or her fee is based on a good faith estimate of reasonable services that are, and will be, necessary and beneficial to the debtor. If the trustee raises an objection that a chapter 13 case provides no benefit to the debtor, that the hourly rate is excessive, or that the estimated hours are not necessary or beneficial to the debtor, the debtor's attorney may proffer an explanation why his requested fee is a good faith estimate of services that would be allowed under 11 U.S.C. § 330(a)(4)(B). The court will grant the debtor's attorney considerable breadth in their explanation of the benefits to the debtor provided by a chapter 13 filing, including the wishes of their clients and the basis of their good faith estimate. If the fee is $3,750 or less, then the burden will shift to the trustee to show why the fee is not beneficial, the hourly rate is too high, or the estimate of time is for services that are not reasonable or necessary.

Based on the benefit of a chapter 13 proceeding to Ms. Pursley, Mr. Ramsey's hourly rate, the estimate of the time necessary to assist the debtor in completing a plan, and the length of the plan, the court finds the fee to be reasonable. The administrative expense will be allowed, and the trustee's objection is overruled. There being no other objections to the confirmation of Ms. Pursley's plan, the court will also confirm her chapter 13 plan.

A separate confirmation order will enter.

###